OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAWRENCE K. BAERMAN
CLERK

100 S. CLINTON STREET
P.O. BOX 7367
SYRACUSE, NEW YORK 13261-7367
(315) 234-8500

November 6, 2003

Tony Anastas, Clerk
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

RE: Gunn v. Smith, 9:03-CV-1249 (LEK/GJD)

Dear Sir:

    Pursuant to the Order of Magistrate Judge Gustave J. Di Bianco dated October 24, 2003, the above-entitled action is hereby transferred to the District of Massachusetts. Enclosed herewith please find a certified copy of such Order, a certified copy of the docket entries and the original papers filed in the above action, except for such Order.

    Please indicate your receipt of the enclosed documents on the copy of this letter.

Very truly yours,

LAWRENCE K. BAERMAN, CLERK

*[signature]*

Renata Bliss, Paralegal

rjb
Encs.

Received by: _Marie Bell_
District of Massachusetts Case No. _96 CR 10055-WGY_

```
                                                          CLOSED
                    U.S. District Court
         Northern District of New York (Prisoner)

         CIVIL DOCKET FOR CASE #: 03-CV-1269

Gunn v. Smith
Assigned to: Judge Lawrence E. Kahn                Filed: 10/20/03
         Referred to: Magistrate Judge Gustave J. DiBianco
Demand: $0,000                             Nature of Suit:  530
Lead Docket: None                          Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)


EDWIN GUNN                         Edwin Gunn
      petitioner                   21001-038
                                   [COR LD NTC]  [PRO SE]
                                   FCI Edgefield
                                   P.O. Box 723
                                   Edgefield, SC 29824


     v.


WARDEN SMITH
      respondent
```

U.S.D.C. FOR THE NORTHERN DISTRICT OF NEW YORK
I, the undersigned Clerk of the Court, do hereby certify that this is a true, correct and full copy of the original document on file in my custody.
# of pages (text) _____ ; # of pages including (exhibits) _____
Dated _____
by _____ Lawrence K. Baerman, Clerk
_____, Deputy Clerk.

Docket as of November 6, 2003 9:49 am                    Page 1

Proceedings include all events.
9:03cv1269 Gunn v. Smith                                          CLOSED

| Date | # | Entry |
|---|---|---|
| 10/20/03 | 1 | PETITION for writ of habeas corpus by Edwin Gunn (rjb) |
| 10/20/03 | 2 | In Forma Pauperis Application filed by Edwin Gunn (rjb) |
| 10/24/03 | 3 | ORDER, Transferring Case to the District of Massachusetts ( signed by Magistrate Judge Gustave J. DiBianco ) Date Entered: 10/24/03 (rjb) |
| 10/24/03 | -- | Interdistrict transfer to District of Massachusetts (rjb) |
| 11/4/03 | 4 | ORDER rejecting Gunn's letter dated 10/23/03. By Order filed 10/24/03, this action was transferred to the USDC for the District of Massachusetts. ( signed by Magistrate Judge Gustave J. DiBianco ) Date Entered: 11/4/03 (rjb) |

( IF NECCESSARY )



AO 240 (Rev. 9/96)

# UNITED STATES DISTRICT COURT

OCT 20 2003

U.S. _____ District of ___S.C.___    LEK /

Plaintiff

V.

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

Defendant

CASE NUMBER: 03 - 12255 WGY

I, _Edwin J. Gunning_ declare that I am the (check appropriate box)

[✓] petitioner/plaintiff/movant    [ ] other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?    [✓] Yes    [ ] No    (If "No," go to Part 2)

   If "Yes," state the place of your incarceration  _FCI EDGEFIELD_

   Are you employed at the institution?  _N/A_  Do you receive any payment from the institution?

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.    _N/A_

2. Are you currently employed?    [ ] Yes    [✓] No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.    _N/A_

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.    _N/A_

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment    [ ] Yes    [✓] No
   b. Rent payments, interest or dividends    [ ] Yes    [✓] No
   c. Pensions, annuities or life insurance payments    [ ] Yes    [✓] No
   d. Disability or workers compensation payments    [ ] Yes    [✓] No
   e. Gifts or inheritances    [ ] Yes    [✓] No
   f. Any other sources    [ ] Yes    [✓] No

AO 240 Reverse (Rev. 9/96)

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

N/A

DISABLED



# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241

UNITED STATES DISTRICT COURT FOR THE

CASE NO. _____ (to be supplied by the Clerk of Court)

__EDWIN GUNN_____, PETITIONER
(Full name -- include name under which you were convicted)

v.

__WARDEN Smith_____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

__EDWIN GUNN 21001-038_____
NAME AND PRISON NUMBER

__FCI EDGEFEILD._____
PLACE OF CONFINEMENT

(If the petitioner wishes to attack a federal judgment under which a sentence was imposed he/she should file a motion under 28 U.S.C. Section 2255, in the federal court which entered the judgment). (PROCEDURES DON'T APPLY TO ME!

PETITION FOR WRIT OF HABEAS CORPUS UNDER SECTION 2241
BY A PERSON IN FEDERAL CUSTODY

**INSTRUCTIONS--READ CAREFULLY**

1.     This petition must be legibly handwritten or typewritten, signed by the petitioner and subscribed to under penalty of perjury as being true and correct. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question type or use lined paper.

2.     No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.     Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

4.  If you do not have the necessary filing fee, you may submit an application to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. You must also have an authorized official at the correctional facility complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $150.00, you must pay the filing fee as required by the rule of the district court.

5.  Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or different states, you must file separate petitions as to each court.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

7.  When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is: 100 South Clinton Street, Syracuse, New York 13261.

8.  Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**PETITION**

1.  Name and location of court which entered the judgment of conviction under which you are presently confined:
    US DISTRICT CT. OF MASS.

2.  Date of judgment of conviction: 3/27/96

3.  Length of sentence: 18 YRS    Sentencing Judge: USDJ NG

4.  Nature of offense or offenses for which you were convicted:
    FELON IN POSSESSION OF A FIREARM.

5.    Were you sentenced on one or more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    YES ( )    NO (X)

6.    Do you have any further sentence to serve after you complete the sentence imposed by the judgment under attack?    YES ( )    NO (X)

   (a)   If so, give name and location of court which imposed sentence to be served in the future: N/A

   (b)   And give date and length of sentence to be served in the future: N/A

   (c)   Have you filed, or do you contemplate filing, a petition attacking the judgment which imposed the sentence to be served in the future?    YES ( )    NO (X)

This A Procedure Not A Case.

7.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground:

   (a) Ground one:
Unlawful Imprisonment I'm not a convicted felon I was exempted from federal prison.

Supporting FACTS (Tell your story briefly without citing cases or law):
"Emergency" Immediate Release within 30 thirty days of this complaint or its a violation of my right to equal protection of laws, state decision and emotional stress. I'm entitled to money damages Fourth ...

(b) Ground two:
A COURT ORDER AND MY CIVIL RIGHTS
WILL BE RESTORED UPON FEDERAL INDICT[...]

Supporting **FACTS** (Tell your story briefly without citing cases or law):
MR. GUNN HAS A COURT ORDER BY HIS
SENTENCING JUDGE S[...]
PREDICATE CONVICTIONS ARE STATE LAW
MISDEMEANORS BEFORE THIS [...]
I WAS [...] FROM FEDERAL PROSECUTION
( COURT ORDER OR NOT I NEVER LOST MY
CIVIL RIGHTS) IN ANY EVENT.

(b) Ground three:
FILING PROCEDURES DON'T APPLY TO US
OR ITS [...] OF EQUAL [...]

Supporting **FACTS** (Tell your story briefly without citing cases or law):
[...] ITS [...] WHERE I [...]
ENTITLED TO BE IMMEDIATE RELEASED
FORTHWITH. ITS NOT DISCRIMINATION ITS A
FACT I'M NOT A FELON.

(b) Ground four: EMERGENCY IMMEDIATE RELEASE

Supporting **FACTS** (Tell your story briefly without citing cases or law): I GOT A COURT ORDER

WHEREFORE, petitioner prays that the court grant petitioner relief to which he/she may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

_____ _____
(Date)                  (Signature)

                        _____
                        (Signature of Attorney (if any))

W:\2241.WPD

A COURT ORDER BY AN HON[...]
JUDGE IS [...]

I deny it finding that the recitation of procedure in the courts of the Commonwealth is precisely as Mr. Gormley has limned it; that is, as a practical matter the judgment about how to proceed and in what court is in the first instance exercised by the district attorney of the county in which the offense took place, and that thereafter the district court judge has to resolve the issues of the appropriate track of the criminal proceeding as required under the state case of *Corey versus the Commonwealth*, 364 Massachusetts 137, 1973.

A COURT
ORDER

I also find as a matter of pragmatic and practical fact that the election whether to proceed in the district court or in the superior court is in all but the rarest of cases made by the government, not by the defendant, but by the government. And further, I find as fact that it appears from the record before this court that in each instance the Executive and the presiding judge in the relevant district court decided to treat this offense by Mr. Gunn, or this charge as against Mr. Gunn as an offense to be prosecuted in the district court where the maximum possible sentence would be *two and-a-half years in the House of Correction*, a sentence which we know under *United States v. Idelicato* is in the eyes of the Commonwealth a misdemeanor sentence and not a felony sentence (February 28, 1997 Transcript, pgs. 13-14).

A COURT [...]

In the end, MR. GUNN'S sentence was enhanced pursuant to 18 U.S.C. § 924(e), and an (18) year sentence was imposed, to be followed by five (5) years of supervised release. (Add. 37) MR. GUNN'S anticipated release from imprisonment, assuming credit for "good time", is April, 2011.

I WAS SENTENCED [...]
[...]
A FELONY, [...]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWIN GUNN,

03-1227  Petitioner,

v.                                                          9:03-CV-1269
                                                            (LEK/GJD)
WARDEN SMITH,         96 CR-10055
                         WGY
                                   Respondent.

APPEARANCES:

EDWIN GUNN, 21001-038
Petitioner *Pro Se*
FCI Edgefield
P.O. Box 723
Edgefield, South Carolina 29824

GUSTAVE J. DI BIANCO, U.S. MAGISTRATE JUDGE

### ORDER

**I.   INTRODUCTION**

Presently before me is a *habeas corpus* petition and an application to

[text obscured by handwriting] Gunn pursuant to 28 U.S.C. §

[text obscured] at the Federal Correctional

[text obscured] aid the required filing fee.

[text obscured] ten in pencil. An unsigned

[text obscured] trict of New York Local

Rule 10.1 requires that the petition be written in **ink**. *See* L.R. 10.1(a).

In his petition, petitioner challenges the sentence imposed by the United States District Court in Massachusetts on March 27, 1996, following a conviction of possession of a firearm by a felon. Dkt. No. 1 at 2. Petitioner claims that he "was exempted from federal prosecution" because he is not a convicted felon. Dkt. No. 1 at 3. Petitioner seeks money damages and his immediate release. *Id.*

## II. DISCUSSION

At the outset, this court notes that there are jurisdictional issues raised by the petition. While petitioner has filed his petition under 28 U.S.C. § 2241, this court believes that the petition may be one more properly filed under 28 U.S.C. § 2255. A challenge to the **execution** of a sentence is properly filed pursuant to 28 U.S.C. § 2241, while a challenge to the **legality** of a sentence is brought pursuant to 28 U.S.C. § 2255. *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (citations omitted).

In *United States v. Triestman*, the Second Circuit Court of Appeals recognized a fundamental distinction between *habeas corpus* petitions filed under 28 U.S.C. § 2241 and those filed under 28 U.S.C. § 2255. *United States v. Triestman*, 124 F.3d 361 (2d Cir. 1997). Section 2255 refers to collateral attacks to the sentencing court while section 2241 confers jurisdiction on the district of

confinement. *Triestman*, 124 F.3d at 373; *see also* 28 U.S.C. §§ 2241(a), 2255, ¶ 1 (2003). A section 2255 motion seeking release because of an unconstitutional sentence must be brought in the court that imposed the sentence. 28 U.S.C. § 2255, ¶ 1. Furthermore, a second or successive application based upon the same claim must be dismissed and may not be filed in the district court unless the petitioner first moves in the appropriate court of appeals for permission to file. 28 U.S.C. §§ 2244(a), (b)(1), (3)(A), and 2255, ¶ 8.

As a general rule, prisoners must use section 2255 to challenge an unconstitutional sentence. *Jiminian v. Nash*, 245 F.3d 144 (2d Cir. 2001). The Second Circuit recognized an exception to the general rule in *Triestman*, holding that a prisoner can use section 2241 when he cannot use section 2255 and when the failure to otherwise provide collateral review would raise serious constitutional questions. *Triestman*, 124 F.3d at 377. Because the petitioner in *Triestman* could not meet section 2255's gate-keeping requirements for second or successive motions (*see* 28 U.S.C. § 2255, ¶ 8 (requiring newly discovered evidence or a new rule of constitutional law made retroactive by the United States Supreme Court)) and because there had been no prior opportunity to raise the constitutional claim, the Second Circuit held that the failure to permit the section 2241 petition would raise serious constitutional claims. *Triestman*, 124 F.3d at 369.

3

In *Jiminian*, the Circuit qualified the *Triestman* rule, holding that a section 2255 petition is not inadequate or ineffective simply because a prisoner cannot meet the gate-keeping requirements. *Jiminian*, 245 F.3d at 147. If the prisoner's claim was previously available on direct appeal or in a prior section 2255 motion, he must use section 2255, not section 2241 and must comply with the section 2255 gate-keeping provisions. *Id.* at 147-48.

In this case, petitioner is attacking the sentence imposed. Petitioner argues that he is being unlawfully imprisoned because he has "a court order by his sentencing judge stating all of [his] predicate convictions are state law misdemeanors . . . " thus because he is not a convicted felon, he alleges he is exempted from federal prosecution. Dkt. No. 1 at 3-4. Because petitioner attacks the sentence imposed by the sentencing court, this court has no jurisdiction over petitioner's claims. However, this court would note that even if the petition were one properly filed under section 2241, this court would still have no jurisdiction over petitioner's claims as petitions filed pursuant to 2241 must be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a).

Thus, although this court has no jurisdiction whatsoever over Petitioner's claims, the procedural question of what to do with the petition remains. With regards to whether a court should transfer or dismiss this type of petition, the

4

Second Circuit has recently stated:

> How a district court proceeds may depend on the prisoner's history of collateral challenge. Where a pro se prisoner can still pursue a timely § 2255 motion, a district court may not construe an improperly filed § 2241 petition as a § 2255 motion without notice to the prisoner, who can then decide ether to agree to the recharacterization or to withdraw his filing. *See generally Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam) (discussion risk of prematurely foreclosing collateral review in light of 1996 limitations on successive filings.) Where a prisoner has already had one or more § 2255 motions dismissed on the merits, however, no such notice is required for a district court to convert the improperly filed § 2241 petition to a § 2255 motion and to transfer it to [the] court for a determination whether to allow a successive motion. *See Roccisano v. Menifee*, 293 F.3d 51, 56-58 (2d Cir. 2002). But where . . . the latter option is not available because [the] court has already denied petitioner leave to file a successive § 2255 motion based on the same claims now raised in a § 2241 petition, then, upon concluding that it is without jurisdiction to hear the claims pursuant to § 2241, the district court should simply dismiss the petition. Indeed, if it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.

*Cephas v. Nash*, 328 F.3d 98, 104 n.5 (2d Cir. 2003). This court has grounds to dismiss the Petition outright because there is no jurisdictional basis for Petitioner's claims in the Northern District of New York. Furthermore, this court has the option to dismiss the petition because petitioner has filed two section 2255 petitions which have been denied, as well as one prior section 2241 petition which was also denied.[1] However, this court does not have sufficient information regarding the grounds of petitioner's previous petitions[2] and will thus grant

---

[1] *See Gunn v. Booker*, 99-CV-3345, 2000 U.S. App. LEXIS 1257 (10th Cir. 2000) (unpublished decision cited only for the petitioner's history of filing petitions under sections 2241 and 2255).

[2] The petition can also be dismissed because it is unsigned.

5

petitioner latitude and instead of dismissing his petition, transfer it to the United States District Court for the District of Massachusetts, the court of petitioner's sentencing. In transferring this matter, this court makes no determination as to petitioner's application to proceed *in forma pauperis*, leaving that determination to the United States District Court for the District of Massachusetts.

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk of the Court transfer this matter to the United States District Court for the District of Massachusetts pursuant to Local Rules 72.4(b) and 83.6, and it is further

**ORDERED**, that the Clerk shall, upon the expiration of ten (10) days, mail to the Clerk for the District of Massachusetts: (i) a certified copy of this Order and of the docket entries in this case and (ii) the originals of all papers on file in this action with the exception of this order, and it is further

**ORDERED**, that the Clerk serve a copy of this Order by regular mail upon petitioner.

Dated: October 24, 2003

_____
United States Magistrate Judge